**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

TRINA PATTERSON, on behalf of herself and                  Index No. 1:17-cv-10110
on behalf of her minor son KEVIN BARNABY JR.,

                                 **FIRST AMENDED**
                **Plaintiff,**                        **COMPLAINT**

            **-against-**

EQUIFAX INFORMATION SERVICES, LLC;
TRANS UNION LLC; and
EXPERIAN INFORMATION SOLUTIONS, INC

               **Defendants.**

-------------------------------------------------------------------x

       The plaintiff Trina Patterson, brings this action on behalf of herself and on behalf of her minor son Kevin Barnaby Jr., against defendants Equifax Information Services, LLC ("Equifax"); Trans Union LLC ("Trans Union"); and Experian Information Solutions, Inc. ("Experian"); and alleges as follows, upon information and belief:

**PRELIMINARY STATEMENT**

1.   This action is brought on behalf of a minor child born in 2013 and his mother for legal violations stemming from a number of credit cards which were opened in Kevin Barnaby Jr.'s ("KJ") name by his estranged father when he was 15 months old and subsequently placed on his credit reports. In addition to those credit cards, the various credit reporting agencies placed a federal tax lien on KJ's credit reports and issued those reports to numerous creditors seeking to open up additional credit accounts in KJ's name, and failed to correct KJ's file after being notified that he was a minor.

2.    Upon these facts the Plaintiff brings this case for actual and punitive damages along with a request for injunctive relief pursuant to 15 USC § 1681 *et seq.* ("Fair Credit Reporting Act" or "FCRA"), and New York General Business Law § 380 *et seq.* (the "New York Fair Credit Reporting Act" or "NY FCRA").

3.    Additionally, Plaintiff seeks equitable relief requiring Defendants to implement and maintain procedures to comply with the NY FCRA.

## JURISDICTION AND VENUE

4.    The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p).  This Court has diversity jurisdiction over the state law claims under 28 USC § 1332 as well as supplemental jurisdiction of those state law claims asserted herein under 28 U.S.C. § 1367(a).  Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.    Plaintiff is a New York resident and "consumer" within the meaning of the FCRA [15 U.S.C. § 1681a(c)].

6.    Defendant Equifax is a Georgia corporation, duly licensed, qualified to do business in the State of New York and a "consumer reporting agency" within the meaning of the FCRA [15 U.S.C. § 1681a(f)].

7.    Defendant Trans Union is a Delaware corporation, duly licensed, qualified to do business in the State of New York and a "consumer reporting agency" within the meaning of the FCRA [15 U.S.C. § 1681a(f)].

8.    Defendant Experian is an Ohio corporation, duly licensed, qualified to do business in the State of New York and a "consumer reporting agency" within the meaning of the FCRA [15

U.S.C. § 1681a(f)].

## **FACTUAL BACKGROUND**

9.   Plaintiff Trina Patterson and Kevin Barnaby Sr. had a child on November 8, 2013 named Kevin Barnaby Jr. (referred to hereafter as "KJ").  KJ and his father were estranged from birth, and apart from a custody hearing Defendant Barnaby has never met his son.  In or around April 2015 Kevin Barnaby Sr. was ordered to begin making child support payments to Ms. Patterson.

10.  Unbeknownst to Ms. Patterson, around that time Kevin Barnaby Sr. – who had bad credit - obtained his son's social security number and began applying for credit using his son's identifying information.  Mr. Barnaby was able to successfully open, at a minimum, two Capital One credit cards when KJ was approximately 15 months old.

11.  Kevin Barnaby Sr. was convicted of First Degree Identity Theft in Westchester County Supreme Court in or around July 2017 for opening the subject accounts in his son's name.

12.  Sometime in or around March 2016 Plaintiff Trina Patterson received a phone call from Mr. Barnaby's wife asking about a possible Macy's credit card account that she believed Mr. Barnaby might have opened in KJ's name.  At that point, Ms. Patterson began her attempts to see if KJ had any open credit accounts in his name.

## **FACTS REGARDING EQUIFAX**

13.  On March 14, 2016 Ms. Patterson mailed a letter to Equifax explaining that she was requesting a copy of any credit file Equifax had on her two her two-year-old son.  The letter further requested that a fraud alert be added to his file and that Equifax delete any inaccurate information from KJ's file.  Ms. Patterson included copies of KJ's birth certificate and social security card along with a copy of her own birth certificate.

14. Equifax failed to respond to Plaintiff's March 14 letter and thus failed to investigate Ms. Patterson's dispute on her son's behalf or add a fraud alter to KJ's file as requested.

15. After failing to receive a response to her letter, on May 2, 2016 Plaintiff filled out and mailed an Annual Credit Request Form on behalf of KJ seeking a copy of his Equifax and Trans Union credit reports.

16. Plaintiff attached a copy of bother her own and KJ's birth certificate as proof of their identities.

17. On May 17, 2016 Equifax mailed a letter addressed to KJ refusing to provide him with a copy of his report, explaining that the "proof of your identity does not match the information we currently have on your credit file."

**FACTS REGARDING EXPERIAN**

18. In or around sometime in March and/or April 2016 Ms. Patterson called Experian to notify them that she suspected that KJ's father had used his social security number to open credit accounts in his name, and to request copies of any files had on KJ, to add fraud alerts to his files, and to dispute any inaccurate information on his credit reports.

19. In response to Plaintiff's call, Experian mailed Plaintiff a form specifically designed to obtain credit reports on behalf of minor children. The form indicated that based on the information Plaintiff provided regarding KJ that Experian did have a file on him, and explained that in order to obtain a copy of KJ's Experian report Plaintiff would have to send Experian all of the following documents:

- a written request for the report

- a copy of the request form with all the information completed

- a copy of a government issued identification card

- proof of her address (such as a utility bill, bank or insurance statement, etc.)

- a copy of the child's birth certificate

- a copy of the child's social security card, and

- a copy of any legal guardianship papers, if applicable

20.  Plaintiff complied with Experian's instructions, filling out the form requesting a copy of KJ's Experian credit report, sending a handwritten letter explaining that she had reason to believe that KJ's father may have used his son's social security number to obtain credit and requesting that a credit check and report be run and sent to her.  She attached copies of both his and her social security cards, KJ's birth certificate, her driver's license, and numerous documents containing proof of her address.

21.  Experian sent two letters addressed to KJ on April 8, 2016 in response to Plaintiff's request.  The first letter notified KJ that Experian had added a fraud alert to his credit file.

22.  The second Experian letter dated April 8, 2016 included an updated consumer disclosure for KJ.  The letter indicated that the consumer statement Ms. Patterson requested had been added to KJ's report – stating that the individual named in the report was a minor born on 11/8/2013 and that no accounts should be opened in his name.

23.  The attached Experian report also added KJ's year of birth as 2013 – yet Experian refused to remove the two Capital One credit card accounts on KJ's file which the Experian report tacitly acknowledged were opened when KJ was less than two years old.   The report also stated that KJ was employed or had been employed by the Dept. of Corrections, contained a number of addresses belonging to Kevin Barnaby Sr. and not to KJ, and further indicated that

copies of the report had been sent to at least six different potential creditors in response to credit applications over the prior two years.

24.  On April 8, 2016 Experian issued a credit report to Sterling Jewelers in response to an application for credit made by KJ's father using KJ's social security number.  Experian issued the report despite the fact that Plaintiff had provided them proof over a week prior that KJ was actually a three-year old child, had requested that a fraud alert be added to KJ's file, and despite the fact that date of birth on the credit application was completely different from the date of birth maintained in Experian file on KJ.

25.  Despite its claims that it does not intentionally maintain files on minor children, Experian profits greatly from parents' fears that their children will have their identities stolen.

26.  Specifically, Experian aggressively markets a Family Identity Theft Protection product (called IdentityWorks™) aimed at protecting children from identity theft. In fact, at the time of the filing of this Complaint the top result of a google search for "child identity theft" is a paid advertisement for Experian's' IdentityWorks™ product.

27.  The first page of Experian's website for the Family Identity Theft product shows a picture of two parents gazing over their toddler son playing on an electronic tablet while stating: "Look after your loved ones."

28.  Below that picture on Experian's site is the question:  "Why get identity theft protection for the whole family?"  One of the answers to that question on Experian's site states: "Safeguarding their futures starts now.  Child identity theft can go undetected for years, so monitor their info now to stay on top of things."

29.  Below that section on Experian's website is a photo of a father fist-bumping his toddler

son, next to the statement: "Get the best defense for those that matter most."

30.  Below that part of the site Experian explains the various plans that it offers, one for an

individual parent with up to 10 children and one for two parents with up to 10 children, with

prices ranging from $19.99/month for IdentityWorks™ Plus to $29.99/month for

IdentityWorks™ Premium.

31.  Further down on the site Experian has a Question and Answer section that contains the

following:  "What's included with child identity protection?  Our child identity protection

includes Dark Web surveillance, SSN monitoring, social network monitoring, fraud resolution

services, and up to $1 million in identity theft insurance."

32.  Plaintiff is informed and believes that Experian thus makes millions of dollars annually

based on the sale of its IdentityWorks products, all predicated upon parents' fears that their

children's identities will be stolen.

33.  Accordingly, Experian's conduct in this case is not the result of mere negligence or

sloppy procedures, but is in fact motivated by creating the fear of child identity theft which

Experian then seeks to exploit with aggressive marketing of its "Family Protection Plans" aimed

directly at parents like Trina Patterson.

**FACTS REGARDING TRANS UNION**

34.  Ms. Patterson also mailed copies of KJ's social security card and birth certificate to both

Trans Union and also requested the correction of any inaccurate items on KJ's reports.

35.  In response Trans Union mailed a letter address to KJ on May 9, 2016.  The letter

contained a copy of KJ's Trans Union report.  That report correctly indicated KJ's date of birth at

November 3, 2013, yet contained a negative Capital One credit card account which indicated that

it was opened when KJ was 15 months old, and stated that a Federal Tax lien had been filed

against KJ when he was 15 months old.  The report also listed two addresses that belonged to

Defendant Barnaby Sr. Finally, the report indicated that the social security number on file for KJ

was "likely not issued prior to June 2011."

36.  Defendants' conduct as described above has caused substantial damage to KJ's name and

reputation, and has the potential to have a substantial negative impact on KJ's life in the future.

Defendants' conduct has also caused Ms. Patterson significant emotional distress, frustration and

loss of time and enjoyment with both of her children as she has been forced to try and rectify the

problems proximately caused by Defendants.

### FIRST CAUSE OF ACTION
VIOLATION OF THE FCRA
Against Equifax Information Services, LLC; Trans Union LLC;
and Experian Information Solutions, Inc.

37.  The plaintiff repeats and realleges each and every allegation set forth above as if

reasserted and realleged herein.

38.  Defendants Experian, Equifax, and Trans Union prepared, compiled, issued, assembled,

transferred, published and otherwise reproduced numerous consumer reports regarding the

plaintiff, as that term is defined in 15 U.S.C. § 1681a(d).

39.  Such reports contained erroneous information with Defendants knew or should have

known was not accurate.

40.  Defendants Equifax, Trans Union, and Experian (or, in the alternative, negligently) failed

to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the

information it reported to numerous third parties pertaining to KJ or in credit reports supplied to

third parties, in violation of 15 U.S.C. § 1681e(b).

41.  Defendants Equifax, Trans Union, and Experian willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigations of the plaintiff's disputes of the erroneous information on KJ's reports as described above.

42.  Defendants Equifax, Trans Union, and Experian willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(2)(A) and (B) by failing to forward all relevant information provided to them by plaintiff regarding the subject disputes to all of the relevant furnishers.

43.  Defendants Equifax, Experian and Trans Union violated 15 U.S.C. § 1681g by failing to, upon the plaintiff's request, disclose to the plaintiff all information in KJ's file, and the sources of the information.

44.  Defendants Equifax, Trans Union, and Experian willfully (or, in the alternative, negligently) violated 15 USC § 1681b(a) by providing third parties with KJ's consumer reports when defendants had reason to know that those users did not have permissible purposes to obtain those reports.

45.  Defendants Equifax, Trans Union, and Experian willfully (or, in the alternative, negligently) violated 15 USC § 1681e(a) by failing to adopt and maintain reasonable procedures designed to limit the furnishing of consumer reports to the permissible purposes listed in 15 USC § 1681b.

46.  Ms. Patterson and Kevin Barnaby Jr. were damaged by Defendants' conduct as described above, and Defendants are thus liable to the plaintiff for actual, statutory and punitive damages in an amount to be determined by the trier of fact, as well as the plaintiff's reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681o and 1681n.

## SECOND CAUSE OF ACTION
VIOLATION OF The NY FCRA
Against All Defendants

47.  The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

48.  Defendants Equifax, Trans Union, and Experian maintained, prepared, compiled, issued, assembled, transferred, published and otherwise reproduced numerous consumer reports regarding the plaintiff, as that term is defined in NY GBL §380-a(c)(2).

49.  Such reports contained numerous items of erroneous information.  Defendants knew, or should have known, that the reports contained erroneous information in violation of NY GBL § 380–j(e).

50.  Defendants Equifax, Trans Union and Experian each failed to maintain reasonable procedures designed to avoid the dissemination of credit reports without a permissible purpose in violation of NY GBL § 380-k.

51.  Plaintiff and Kevin Barnaby Jr. suffered damages as a result of Defendants' unlawful conduct, including, *but not limited to*, damage to reputation, potential future damage to his credit, loss of time from work, expenditure of time and resources, economic damages and damage to reputation, in addition to significant emotional distress, annoyance, aggravation, and frustration.

52.  Defendants Equifax, Trans Union, and Experian maintained credit information on the minor Kevin Barnaby Jr. in their files which they knew or had reason to know was inaccurate in violation of NY GBL § 380-j(a)(3).

53.  Defendants Equifax, Trans Union, and Experian willfully (or, in the alternative, negligently) violated NY GBL § 380-f by failing to conduct a reasonable reinvestigation of the

Plaintiff's disputes.

54.  Defendants are thus liable to the plaintiff for actual and punitive damages in an amount to be determined by the trier of fact, as well as the plaintiff's reasonable attorney's fees pursuant to NY GBL §§ 380-*l* and 380-m.

55.  Furthermore, Defendants each maintain a regular business practice of creating consumer files and consumer reports regarding minors who do not have the capacity to obtain credit or legally incur debts.   Plaintiff is thus entitled to an injunction requiring Defendants to implement and maintain reasonable procedures designed to insure that they do not continue to create or maintain consumer files and consumer reports on behalf of minors lacking the legal capacity to obtain credit or legally incur consumer debts.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated: February 27, 2018                    Respectfully submitted,

Kevin C. Mallon
MALLON CONSUMER LAW GROUP, PLLC
One Liberty Plaza, Suite 2301
New York, NY 10006
(646) 759-3663
consumer.esq@outlook.com